IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| KIP KONIGSBERG, KATHY KONIGSBERG, AARON DAVID KONIGSBERG, JESSICA C. HERUM, KIP KONIGSBERG AS GUARDIAN FOR BENJAMIN ACE KONIGSBERG AND KIP KONIGSBERG AS GUARDIAN FOR MATTHEW ALAN KONIGSBERG,<br><br>Plaintiffs,<br><br>vs.<br><br>MULLIKIN, LARSON & SWIFT LLC, a Wyoming Limited Liability Company and CLAY D. GEITTMAN,<br><br>Defendants. | Case No. 11-CV-009-S |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss [Doc. 6]. The Court has considered the motion, Defendants' memorandum of law in support, and Plaintiffs' response in opposition. Considering itself fully advised in the premises, the Court hereby FINDS and ORDERS as follows:

## INTRODUCTION

Plaintiffs bring this legal malpractice action against Defendants Mullikin, Larson & Swift LLC ("MLS") and attorney Clay Geittman based on legal advice Plaintiffs claim they received from Defendants relating to the legal requirements for subdividing real property. Plaintiffs Kip Konigsberg, Kathy Konigsberg, Benjamin Konigsberg, and Matthew Konigsberg are all citizens of the state of New York, and Plaintiff Jessica C. Herum is a citizen of the state of Texas. (Plaintiffs' Complaint at ¶¶4-7.) MLS is a limited liability company formed under the laws of the state of Wyoming and is a citizen of Wyoming. (*Id.* at ¶8.) Clay Geittmann is an attorney employed by MLS and is a resident of the state of Wyoming. (*Id.* at ¶9.) Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) based upon diversity of citizenship.

Now pending before the Court is Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) upon the service provisions of Wyo. R. Civ. P. 3(b) and the applicable statute of limitations, Wyo. Stat. § 1-3-107.

## FACTUAL BACKGROUND

Sometime between January 19 and March 17 of 2006, Plaintiffs retained Defendants' legal services in connection with their acquisition of a 32.06-acre parcel of land located in Wilson, Wyoming. (*Id.* at ¶14.) Plaintiffs Kip Konigsberg and Kathy Konigsberg intended to purchase the property to divide into additional lots for their children's future housing needs. (*Id.* at ¶14.) On January 19, 2006, Plaintiffs, through a company wholly-owned by Plaintiff Kip Konigsberg, signed

a contract to purchase a 32.06-acre parcel of land located in Wilson, Wyoming.

On January 19, 2006, Plaintiffs, through a company wholly-owned by Plaintiff Kip Konigsberg, signed a contract to purchase a 32.06-acre parcel of land located in Wilson, Wyoming. (*Id.* at ¶16.) Because Plaintiffs Kip Konigsberg and Kathy Konigsberg wanted to purchase a property that could be divided into additional lots for the children's future housing needs, the contract contained a clause that stated that the purchaser's obligation to acquire the property was contingent upon the ability to divide the property into at least two (2) lots. (*Id.*) Sometime between January 19 and March 17 of 2006, Plaintiffs retained Defendants' legal services to ensure that the property could be divided into four (4) lots in full compliance with the Family Lot Split Exemption set forth in Wyo. Stat. § 18-5-303(a) (2006) and all other applicable laws and regulations. (*Id.* at ¶¶ 1, 20, 26, 27.) Plaintiffs allegedly informed Defendants that if the division of the parcel was not possible, they did not want to purchase the property. (*Id.* at ¶21.) Defendants allegedly assured Plaintiffs that the parcel could be divided, and Plaintiffs proceeded to purchase the property. (*Id.* at ¶26.) More specifically, Defendants allegedly advised Plaintiffs that compliance with Section 6031 of the Teton County Land Development Regulations was not a requirement of Wyo. Stat. § 18-5-303(a), and therefore Plaintiffs did not need to file a Section 6031 application. (*Id.* at ¶23.) Contemporaneously with Plaintiffs' purchase of the property, and based on the alleged advice of Defendants in connection therewith, Plaintiffs had the parcel surveyed and divided into four parcels. Plaintiffs filed the survey and division with the Teton County Clerk's office on March 20, 2006. (*Id.* at ¶23.)

On January 13, 2009, in connection with a minor boundary line adjustment application, Plaintiffs were advised by the Teton County Planning Director that the property appeared to violate Wyo. Stat. 18-5-303(a) and was not divided in compliance with Section 6031 of the Teton County Land Development Regulations. (*Id.* at ¶¶ 2, 56-57.) As a result, Plaintiffs' purported division of the 32.06-acre parcel was purportedly invalid. (*Id.* at ¶2.)

Plaintiffs allege that Defendants breached their duty of care and committed malpractice sometime between January 2006 and April 2006. (*Id.* at ¶87.) Plaintiffs discovered Defendants malpractice on January 13, 2009. (*Id.* at ¶57.) Plaintiffs filed their *pro se* Complaint on January 10, 2011. Defendants were served with the summons and a copy of the Complaint eighty-six days later, on April 7, 2011. (Docs. 2 and 3.)

### STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(6), dismissal of a complaint is appropriate where plaintiff fails to state a claim upon which relief can be granted. In considering whether a complaint states a plausible claim for relief, this court "must accept all the well-pleaded allegations in the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). "Although the statute of limitations is an affirmative defense, it may be resolved on a Rule 12(b)(6) motion to dismiss "when the dates given in the complaint make clear that the right sued upon has been extinguished . . . ." *Aldrich v. McColloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980). If it is apparent from the complaint that

4

plaintiff's claims are time barred, the plaintiff "has the burden of establishing a factual basis for tolling the statute" in order to avoid dismissal. *Id.*

## DISCUSSION

"A federal court sitting in diversity applies state law for statute of limitations purposes." *Burnham v. Humphrey Hospitality Reit Trust, Inc.*, 403 F.3d 709, 7123 (10th Cir. 2005) (citing *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 109-110, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)). "Moreover, state law determines when an action is commenced for statute of limitations purposes." *Id.* (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 751, 100 S.Ct. 1978, 64 L.Ed.2d 659 (1980)); *see also U.S. ex rel. Conner v. Salina Regional Health Center, Inc.*, 543 F.3d 1211, 1225 (10th Cir. 2008). In addressing Defendants' motion to dismiss Plaintiffs' diversity action, this Court must examine the interplay between Wyoming's statute of limitations, the discovery rule for triggering the running of that statute, and Wyoming's substantive rule regarding the commencement of a civil action under Wyo. R. Civ. P. 3(b). The Court addresses each of these concepts in turn.

**The Wyoming Statute of Limitations and The Discovery Rule**

Under Wyoming law, a cause of action alleging professional malpractice is governed by a two-year statute of limitations. *See* Wyo. Stat. § 1-3-107; *Murphy v. Housel & Housel*, 955 P.2d 880, 884 (Wyo. 1998). Wyoming is a "discovery" state. Accordingly, "the statute of limitations is not triggered until the plaintiff knows or has reason to know the existence of the cause of action." *Adelizzi v. Stratton*, 243 P.3d 563, 567 (Wyo. 2010) (citation and emphasis omitted). This discovery

5

concept is expressly written into subdivision (a) of the statute:

> **§ 1-3-107. Act, error or omission in rendering professional or health care services**
> (a) A cause of action arising from an act, error or omission in the rendering of licensed or certified professional or health care services shall be brought within the greater of the following times:
> > (i) Within two (2) years of the date of the alleged act, error or omission, *except that a cause of action may be instituted not more than two (2) years after discovery of the alleged act, error or omission, if the claimant can establish that the alleged act, error or omission was*:
> > > (A) *Not reasonably discoverable within a two (2) year period*; or
> > > (B) *The claimant failed to discover the alleged act, error or omission within the two (2) year period despite the exercise of due diligence.*

Wyo. Stat. § 1-3-107(a)(i); *Adelizzi*, 243 P.3d at 567.

**Commencement of an Action Under Wyo. R. Civ. P. 3(b)**

> Rule 3(b) of the Wyoming Rules of Civil Procedure provides:
>
> For purposes of statutes of limitation, an action shall be deemed commenced on the date of filing the complaint . . ., if service is made on the defendant . . . within 60 days after the filing of the complaint. *If such service is not made within 60 days the action shall be deemed commenced on the date when service is made.*

Wyo. R. Civ. P. 3(b) (emphasis added). Accordingly, for purposes of applying the statute of limitations, if the Complaint was served within 60 days of the filing of the complaint, the action is deemed to commence on the date of filing, January 10, 2011. If, however, service was accomplished more than 60 days after the filing of the Complaint, the action is deemed to be commenced on the date the complaint was served, April 7, 2011.

The Tenth Circuit addressed the application of Wyo. R. Civ. P. 3(b) to establish the

commencement of a diversity action for statute of limitations purposes in *Habermehl v. Potter*, 153 F.3d 1137 (10th Cir. 1998). In *Habermehl*, the plaintiffs filed a diversity action in the United States District Court for the District of Wyoming on the last day for timely filing suit; however, they did not serve the summons and complaint on the defendant until 107 days later. Judge Brimmer granted summary judgment to the defendants, finding that the action was not timely commenced under Rule 3(b). The Tenth Circuit agreed. Although recognizing that Fed. R. Civ. P. 4(m) sets the procedural maximum time frame for serving a complaint under the federal rules, "a plaintiff in federal court . . . has 120 days to effect service after filing a complaint *only if this period enables him to serve within the statutory period for commencing an action controlled by state law.*"  *Id.* at 1139 (emphasis added). "Under Wyoming Rule 3(b), the date of service of the complaint is deemed to commence the action for statute of limitations purposes if the complaint is not served within 60 days." *Id.* Because the complaint was filed 107 days after filing and the plaintiffs failed to allege any facts which would cause the statute of limitations to toll under Wyoming law, the action was deemed to have commenced on the date of service, and the action was therefore time-barred. *Id.*

Applying these principles to the facts now before the Court, the Court concludes that Plaintiffs' action is barred by the statute of limitations. Accepting Plaintiffs well-pleaded allegations as true, Plaintiffs knew or had reason to know of Defendants' alleged malpractice on January 13, 2009. (Complaint at ¶57.) Applying the two-year statute of limitations, Plaintiffs had until January 13, 2011 to commence their malpractice action. Plaintiffs filed their Complaint on January 10, 2011,

three days prior to the expiration of the statute of limitations. Had they served the Complaint within sixty days, this action would have been deemed commenced on that date under Wyo. R. Civ. P. 3(b), and Defendants would have no viable statute of limitations challenge. Instead, however, because Plaintiffs did not serve the Complaint until 87 days after filing, under Wyo. R. Civ. P. 3(b), the action was deemed commenced on the date of *service*, April 7, 2011. Because this was 84 days after the expiration of the statute of limitations, Plaintiffs' action is barred by the statute of limitations.

**Tolling of the Statute of Limitations**

Where, as here, it is apparent from the complaint that a plaintiff's claims are time barred, the plaintiff "has the burden of establishing a factual basis for tolling the statute" in order to avoid dismissal. *Aldrich*, 627 F.2d at 1041, n.4. Plaintiffs attempt to meet this burden by demonstrating that they acted upon the advice of local counsel regarding the initiation of their pro se complaint and more specifically, regarding the timing of service of that complaint.

Plaintiffs are proceeding pro se in this matter; however, billing records attached to Plaintiffs' response indicate that Plaintiff Kip Konigsberg conferred with local counsel in advance of filing the Complaint. Although a portion of the bill is redacted, the entries indicate that the subject of consultation included the Plaintiffs' malpractice claim, the filing of a pro se complaint, and the "procedures to follow." (Ex. A to Plaintiffs' Response at 2.) At least one entry on the itemized statement dated December 31, 2010, well before the filing of this action, specifically pertains to "statute of limitations issues." (*Id.* at 1.) With respect to these communications with local counsel,

Plaintiffs allege:

> [I]n New York State the common practice and the rule is to serve a summons and complaint on a defendant shortly after filing the action. This is what Plaintiffs' counsel[1] would have done had he note been counseled by local Wyoming counsel to do otherwise.

(Response at ¶13.) For purposes of the pending matter this Court will assume Plaintiffs' assertions are true. Thus, it appears Plaintiffs were misinformed as to when a federal diversity action in Wyoming is deemed commenced for purposes of triggering the statute of limitations.

Plaintiffs allege that their reliance in good faith on the erroneous advice of Wyoming counsel establishes "good cause" for their failure to timely serve the summons and complaint, and further that the failure was not the result of "culpable conduct." Plaintiffs further allege that they have stated a valid cause of action and that Defendants will not be prejudiced if forced to defend the case on its merits. (Resp. at ¶¶22-27.) In relying on these factors, however, Plaintiffs conflate the standards for setting aside a default judgment under Fed. R. Civ. P. 55(c), with the tolling of the statute of limitations under Wyoming law. In order to avoid the application of the statute of limitations to bar their claims, Plaintiffs must establish a basis for tolling the applicable statute of limitations. Generally, Plaintiffs' argument is that the late service of their Complaint and the resulting untimely "filing" should be viewed as excusable neglect, based upon alleged erroneous advice of

---

[1] Although Mr. Konigsberg is a civil attorney admitted to practice law in the state of New York, he has not been admitted to practice before this court. As such, he has not been admitted as counsel for the remaining plaintiffs and is a *pro se* litigant in this court.

counsel. Even accepting that the facts of this case would warrant a finding of excusable neglect, Wyoming law provides no basis for tolling the statute of limitations based on a plaintiff's excusable neglect. *See, Mitchell v. State Recreation Com'n Snowmobile Trails,* 968 P.2d 37, 41 (Wyo. 1998) (absent express statutory language workers' compensation statute of limitations would not be construed to allowing tolling based upon excusable neglect). Although Wyo. R. Civ. P. 6(b)(2)[2] provides a mechanism for a Court to enlarge the period of the time for doing any act under the Wyoming Rules of Civil Procedure where the failure to timely act was "the result of excusable neglect," the Wyoming Supreme Court has held that Rule 6(b) does not include statutes of limitations within its ambit. *See Hoke v. Motel 6 Jackson*, 131 P.3d 369, 376 (Wyo. 2006); *see* Wyo. Stat. § 5-2-115 ("[The Wyoming Rules of Civil Procedure] shall neither abridge, enlarge nor modify the substantive rights of any person nor the jurisdiction of any of the courts *nor change the provisions of any statute of limitations*.")(emphasis added); *see also* 4B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1165 at 519 (3rd ed. 2002) (noting that Fed. R.

---

[2] Rule 6(b) of the Wyoming Rules of Civil Procedure provides, in pertinent part, as follows:

> **(b) Enlargement.** When by these rules . . . an act is required or allowed to be done at or within a specified time, the court, . . . for cause shown may at any time in its discretion: . . . (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; . . . .

Wyo. R. Civ. P. 6(b)(2).

Civ. P. 6(b) "does not apply to time periods set out in statutes").

If Plaintiffs' allegations are to be believed, they have been injured not once, but twice as a result of the erroneous advice of legal counsel.  The Court is mindful that application of the statute of limitations under these circumstances may render an unfair and unjust result. However, such is the nature of statutes of limitations.  "Statutes of limitation are arbitrary by their very nature and do not discriminate between the just and unjust claim. They are not judicially made but represent legislative and public policy controlling the right to litigate."  *Duke v. Housen*, 589 P.2d 334, 340 (Wyo. 1979)

> The statutes operate against even the most meritorious of claims and courts have no right to deny their application. *In re Smith's Estate*, 1949, 240 Iowa 499, 36 N.W.2d 815, 8 A.L.R.2d 640. When considering the statute of limitations, the nature of injury, its extent, the amount of money damages involved, social considerations, and the emotional appeal the facts may have must pass to the background. The circumstances are only significant in the bearing they may have on where the cause of action arose, when it arose and when the time expired for pursuing the applicable judicial remedy.

*Id.* (internal citations omitted).  By their own admission, Plaintiffs' cause of action arose on January 13, 2009.  They filed this lawsuit on January 10, 2011, and served Defendants on April 7, 2011.  Under Wyo. R. Civ. P. 3(b), this action is deemed "commenced" on April 7, 2011, 84 days outside the applicable statute of limitations.  Plaintiffs' Complaint is time-barred and must be dismissed.

### CONCLUSION

WHEREFORE, for the reasons set forth above, Plaintiffs' Complaint is barred by the two-year statute of limitations set forth in Wyo. Stat. § 1-3-107.  Accordingly, Defendants' Motion to

Dismiss [Doc. 6] is **GRANTED** and Plaintiff's Complaint is hereby **DISMISSED.**

    **IT IS SO ORDERED.**

Dated this   16th   day of October, 2011.

                                          UNITED STATES MAGISTRATE JUDGE